UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MR. BOGUSLAW MATLAK
_____

**FILED**

MAR 21 2012

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

SUPT. T. CORRIE
C/O GRAY 4056
LT. GERMANY, A. 177
HINES PARAMEDIC 1ST SHIFT
C/O ANDERSON 1ST SHIFT
_____

12 C 1708
Judge Sharon Johnson Coleman
Magistrate Judge Sidney I. Schenkier

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

CHECK ONE ONLY:

  **X**    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
          U.S. Code (state, county, or municipal defendants)

  _____   COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
          28 SECTION 1331 U.S. Code (federal defendants)

  _____   OTHER (cite statute, if known)

BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.

2.

I. **Plaintiff(s):**

A. Name: BOGUSLAW SLAVOMIR MATIAK

B. List all aliases: N/A

C. Prisoner identification number: CCDC I.D. # 20100924110

D. Place of present confinement: COOK COUNTY JAIL

E. Address: 2600 S. CALIFORNIA AVE, CHICAGO, IL. 60608

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**

(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A. Defendant: T. CORRIE

 Title: SUPERINTENDENT

 Place of Employment: COOK COUNTY JAIL

B. Defendant: A. GERMANY, 177

 Title: LT.

 Place of Employment: COOK COUNTY JAIL

C. Defendant: GRAY, 4056

 Title: CORRECTIONAL OFFICER

 Place of Employment: COOK COUNTY JAIL

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

3.

Revised 9/2007

I. **Plaintiff(s):**

   A. Name: BOGUSLAW MATLAK

   B. List all aliases: N/A

   C. Prisoner identification number: CCDC I.D. # 20100924110

   D. Place of present confinement: COOK COUNTY JAIL

   E. Address: 2600 S. CALIFORNIA AVE, CHICAGO, IL. 60608

   (If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
    (In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

   A. Defendant: HINES, 1ST SHIFT
      Title: PARAMEDIC CERMAK HEALTH SERVICES
      Place of Employment: COOK COUNTY JAIL

   B. Defendant: ANDERSON
      Title: CORRECTIONAL OFFICER
      Place of Employment: COOK COUNTY JAIL

   C. Defendant: _____
      Title: _____
      Place of Employment: _____

   (If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

4

Revised 9/2007

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On DECEMBER 2, 2010 during an attack carried out by my Division 6 cell mate, my leg was severely fractured. Following the incident, after a great deal of pleading, I was finally carried to the medical dispensery, as authorized by Officer GRAY (#4056). When I arrived, after a brief examination, the on-duty nurse, Nurse HINES indicated that I could put some weight on it, it was only a pulled muscle, and I should return to my cell. The only additional assistance provided, was a walking cane for mobility, limited to a 24-hours period (exhibit). A short time later during the same day, a great deal of swelling accompanied with excrutiating pain had on-set, forcing me to call for a white-shirted officer. After white shirt finally arrived, and noticed the obvious swelling, he allowed me to hop on one leg from my Division 6 cell to Cermak Medical Center. Again, following a very brief examination I was given a prescription for 600 mg IBUPROFEN, a pair of crutches, and a leg x-ray was ordered for DECEMBER 5, 2010. However, due to security restrictions, crutches are not permissable on the Division 6 tiers, so I was unable to use them. I was x-ray as ordered on

Revised 9/2007

6.

December 5, and returned to Division 6. On January 20, 2011 aproximately 45 days after the x-ray, I was told the x-ray revealed a severe fracture that would require surgery. Finaly, on January 27, 2011 I was moved to a Division 2 medical tier where I was able to use the necessary crutches 24 hours each day. I was not however moved due to my leg injury, but rather due to a toe injury I suffered during my time in Division 6 while I was forced to hobble through the tier.

I have now had the required surgery, but my recovery is far from complete. I have been told by the doctors and specialist that a second procedure my be necessary, as well as extensive physical therapy. I was also told by the doctors at Stroger Hospital, that had the injury been properly diagnosed initially, and proper steps taken my recovery would have been far simpler, and permanent damage would be unlikely. As of December 2011, I have yet to receive additional treatment or any kind of physical therapy as orderred.

The actions taken, or lack there of, by the entire staff at the CCDOC as well as Division 6, and the Cermark Medical Staff was nothing short of completely negligent. I now suffer from permanent and irrepairable physical damange to my leg. Something that could have very easily been avoided, had the proper and necessary steps

BEEN TAKEN, THIS WAS A COMPLETE DISREGARD OF MY 8TH AMENDMENT RIGHTS, AND THESE VIOLATIONS HAVE CAUSED EXCESSIVE UNNECESSARY HARM.

## STATEMENT OF FACTS WERE RELIEF MAY BE GRANTED

1. THE DEFENDANT, SUPT. CORRIE OF COOK COUNTY JAIL, ACTING UNDER COLOR OF STATE LAW WHERE DELIBERATE INDIFFERENT WHEN HE NEGLIGENCE HIS TRAININS ON MEDICAL CARE AND TREATMENT, AND DELAYING MEDICAL ATTENTION TO A DETAINCE FOR TWO MONTHS. VIOLATING THE PLAINTIFF 8TH AMENDMENT RIGHTS.

2. THE DEFENDANT, LT. A. GERMANY #177, LT OF THE COOK COUNTY JAIL, ACTING UNDER COLOR OF STATE LAW WERE DELIBERATE INDIFFERENT WHEN HE NEGLIGENCE HIS DUTIES TO OBTAIN MEDICAL CARE AND TREATMENT TO A DETAINCE PLAINTIFF WHO NEEDED SERIOUS MEDICAL CARE AND TREATMENT, VIOLATING THE PLAINTIFF 8TH AMENDMENT IN THE ILLINOIS CONSTITUTIONAL OF 1970.

3. The Defendant, Officer Gray #4056, of Cook County Jail were acting under of State Law were deliberate indifferent when he negligence his trianins of Detainee's who have a serious medical need. And Violating the Plaintiff 8th amendment Rights and the Illinois Constitution of 1970.

4. The Defendant, Paramedic Hines was workins as a Nurse at Cook County Jail, Acting under Color of State Law were deliberate Indifferent when he negligence his duties by Denying the Plaintiff medical Care and treatment Violating the Plaintiff 8th Amendment and Illinois Constitution of 1970.

5. The Defendant, Officer Anderson of Cook County Jail were acting under of State Law were deliberate innfferent when he negligence his trianins of Detainee's who have a serious medical need, and Violating the Plaintiff 8th Amendment Rights and the Illinois Constitution of 1970.

9.

V.  Relief:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

A GUILTY VERDICT TOWARD THE DEFENDANTS FOR SUBSTANTIAL PHYSICAL DAMAGE MENTHAL PANN AND SUFFERING AND EMOTIONAL DISTRESS DELIBERATE INDIFFERENCE AND REGUESTS SUBSTANTIAL MONETARY DAMAGES IN THE AMOUNT OF IN EFFECTSS OF $300,000 COMPENSATORY DAMAGES AND IN EFFECTS OF $500,000 PUNTIVE DAMAGES.

VI.  The plaintiff demands that the case be tried by a jury.  ☒ YES  ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this __22__ day of __DECEMBER__, 2011

_____
(Signature of plaintiff or plaintiffs)

BOGUSLAW MATLAK
(Print name)

2010 0924110
(I.D. Number)

2600 S. California
Chicago Illinois 60608
(Address)

10.

Revised 9/2007