# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| BOGUSLAW MATLAK, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 1708 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Sharon Johnson Coleman. |
| SUPT CURRIE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES the Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson, Alesia Hines, through their attorney Anita Alvarez, by and through her assistant, James Murphy-Aguilu, and pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, and present the following Answer to Plaintiff's Complaint:

## STATEMENT OF CLAIM

1. On December 2, 2010 during an attack carried out by Division 6 cell mate, my leg was severely fractured.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1.

2. Following the incident, after a great deal of pain, I was finally carried to the medical dispensary, as authorized by Officer Gray (#4056), when I arrived, after a brief examination, the on duty nurse, nurse Hines indicated that I could put some weight on it, it was only a pulled muscle, and I should return to cell. The only additional assistance provided, was a walking cane for mobility, limited a 24-hours period (Exhibit).

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3. A short time later during the same day, a great deal of swelling accompanied with excrutiating[sic] pain had on-set, forcing me to call for a white-shirted officer. After white shirt finally arrived, and noticed the obvious swelling, he allowed me to hop on one leg from my division 6 cell to Cermak Medical Center.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.

4. Again, following a very brief examination I was given a prescription for 600 mg Ibuprofen, a pair of crutches, and a leg X-Ray was ordered for December 5, 2010. However, due to security restrictions, crutches are not permissible on the Division 6 tiers, so I was unable to use them.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5. I was X-Ray as ordered on December 5, and returned to Division 6, on January 20, 2011 approximately 45 days after the X-Ray, I was told the X-Ray revealed a severe fracture that would require surgery.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. Finally, on January 27, 2011, I was moved to a Division 2 medical tier where I was able to use the necessary crutches 24 hours each day. I was not however moved due to my leg injury, but rather due to a toe injury I suffered during my time in Division 6 while I was forced to hobble through the tier.

**ANSWER**: Defendant's deny the allegations contained in paragraph 6.

7. I have now had the required surgery but my recovery is far from complete. I have been told by the doctors and specialist that a second procedure may be necessary, as well as extensive physical therapy.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. I was also told by the doctors at Stroger hospital, that had the injury been properly diagnosed initially and proper steps taken, my recovery would have been far simpler, and permanent damage would be unlikely, as of December 2011.

**ANSWER**: Defendant's deny the allegations contained in paragraph 8.

9. I have yet to receive additional treatment or any kind of physical therapy as ordered.

**ANSWER**: Defendant's are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. The actions taken, or lack thereof by the entire staff at the CCDOC as well as Division 6, and the Cermak Medical staff was nothing short of completely negligent.

**ANSWER**: Defendant's deny the allegations contained in paragraph 10.

11. I now suffer from permanent and irreparable physical damage to my leg. Something that could have very easily been avoided, had the proper and necessary steps been taken.

**ANSWER**: Defendant's deny the allegations contained in paragraph 11.

12. This was a complete disregard of my 8th Amendment Rights, and these violations have caused excessive unnecessary harm.

**ANSWER**: Defendant's deny the allegations contained in paragraph 12.

## STATEMENT OF FACTS WERE RELIEF MAY BE GRANTED

1. The defendant, Supt. Corrie [Sic] of Cook County Jail, acting under color of state law where deliberate indifferent when he negligence his trainings on medical care and treatment and delaying medical attention to a detainee for two months, violating the 8th Amendment Rights.

> **ANSWER**: Defendant's admit that Superintendant Currie is an employee of the Cook County Sherriff's office who works in Cook County jail but deny the remaining allegations.

2. The defendant, Lt. A. Germany #177, Lt of the Cook County Jail, acting under color of state law were deliberate indifferent when he negligence his duties to obtain medical care and treatment to a detainee plaintiff who needed serious medical care and treatment, violating the plaintiff 8th Amendment in the Illinois Constitution of 1970.

> **ANSWER**: Defendant's admit that Lieutenant Germany is an employee of the Cook County Sherriff's office who works in Cook County jail but deny the remaining allegations.

3. The defendant, Officer Gray # 4056 of Cook County Jail were acting under the color of state law were deliberate indifferent when ne negligence his trainings of Detainee's who have a serious medical need and violating the plaintiff 8th amendment rights and the Illinois constitution of 1970.

> **ANSWER**: Defendant's admit that Officer Gray is an employee of the Cook County Sherriff's office who works in Cook County jail but deny the remaining allegations.

4. The Defendant, paramedic Hines was working as a nurse at Cook County Jail, acting under color of State Law where deliberate indifferent when ne negligence his duties by denying the plaintiff medical care and treatment violating the Plaintiff 8th amendment and Illinois Constitution of 1970.

**ANSWER**: Defendant's admit that Alesia Hines is an employee of the Cermak Health Services who works in Cook County jail but deny the remaining allegations.

5. The Defendant, Officer Anderson of Cook County Jail, were acting under of state law were deliberate indifferent when he negligence his training of Detainees who have a serious medical need, and violating the plaintiff 8th Amendment Rights and the Illinois Constitution of 1970.

**ANSWER**: Defendant's admit that Officer Anderson is an employee of the Cook County Sherriff's office who works in Cook County jail but deny the remaining allegations.

## RELIEF

1. A guilty verdict toward the defendants for substantial physical damage mental pain and suffering and emotional distress deliberate indifference and requests substantial monetary damages in the amount of effects of $300,000.00. Compensatory damages and in effects of $500,000.00. Punitive damages.

**ANSWER**: WHEREFORE, Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson and Alesia Hines, deny that Plaintiff is entitled to any damages. Defendants pray that this Honorable Court enter a finding that Plaintiff is not entitled to the relief requested in the Complaint, that Plaintiff's Complaint be

dismissed with prejudice, and that this Court award attorneys' fees and costs along with granting other such relief to Defendants as it deems proper and just.

## **AFFIRMATIVE DEFENSES**

NOW COMES the Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson and Alesia Hines, through their attorney Anita Alvarez, by and through her assistant, James Murphy-Aguilu, and asserts the following Affirmative Defenses:

1. The Defendants' conduct was at all times objectively reasonable and did not violate any of Plaintiff's clearly established Constitutional rights. Accordingly, Defendants are entitled to the defense of Qualified Immunity.

2. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997 (e) (a). *See Massey v Helman*, 196 F.3d 727 (7th Cir. 1999).

3. Plaintiff seeks punitive damages against the Defendants. Defendants assert immunity from Plaintiff's claims for punitive damages against the Defendants as to the official capacity claims. First, an official capacity suit is tantamount to a claim against the government entity itself. *Guzman v. Sheahan*, 495 F.3d 852, 859 (7th Cir. 2007). Second, a municipality is immune from punitive damages under 42 U.S.C. § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

4. Defendants avail themselves of any and all immunities provided by law in the Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/1-101.

5. In §1983 actions, the federal courts adopt the forum state's statute of limitations for personal injury claims. *See Wilson v. Garcia,* 471 U.S. 261, 280, 85 L. Ed. 2d 254, 105 S. Ct.

1938 (1985). Accordingly, under Illinois law, Plaintiff's §1983 claims against Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson and Alesia Hines are subject to a two-year limitations period. *See 735 ILCS 5/13-202 (2011)*; *see also Savory v. Lyons,* 469 F.3d 667, 672 (7th Cir. 2006).

WHEREFORE, based on the foregoing, Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson and Alesia Hines deny that Plaintiff is entitled to any damages. Defendants pray that this Honorable Court grant judgment in their favor and against Plaintiff on all aspects of his complaint and further request that this Honorable Court grant judgment of Defendants' fees, costs, and such other relief that this court deems just and appropriate.

## JURY DEMAND

Defendants, Defendants, Superintendant Tyree Currie, Officer Gray, Luitenant Germany, Officer Anderson and Alesia Hines respectfully request a trial by jury.

          Respectfully submitted,

          ANITA ALVAREZ
          State's Attorney of Cook County

By:    */s/ James Murphy-Aguilu*
        James Murphy-Aguilu
        Assistant State's Attorney
        Torts / Civil Actions Bureau
        500 Richard J. Daley Center
        Chicago, Illinois 60602
        (312) 603-5669